# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 24-4555

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAMONT KEVIN WILLIAMS | **Motion to Dismiss Appeal** |

The United States moves to dismiss Defendant's appeal on the ground that he expressly agreed, in his plea agreement, to waive his right to appeal.

Defendant agreed:

> To waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

J.A. 25-26. In addition to signing the plea agreement as a whole, Defendant signed a separate "Appellate Waiver Acknowledgement[]," stating that he had discussed the appellate waiver with his attorney and understood and knowingly agreed to its limitations. J.A. 26.

On appeal, Defendant argues that the district court erred in overruling his objection to the drug quantity attributable to him pursuant to U.S.S.G. § 2D1.1(a)(5) and that the district court procedurally erred when it failed to calculate the sentencing guidelines range to address Defendant's objection to being an organizer or leader pursuant to U.S.S.G. § 3B1.1. Brief at 10-17. These claims were within the scope of Defendant's appellate waiver. This Court will enforce an appellate waiver "if the waiver is valid and the issue sought to be appealed falls within the scope of the waiver." *United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006). In assessing the validity of an appellate waiver, this Court considers "whether the defendant knowingly and intelligently agreed to waive the right to appeal, an inquiry ultimately . . . evaluated by reference to the totality of the circumstances." *Id*. (citations and internal quotation marks omitted).

Defendant has not disputed that he knowingly and voluntarily entered into the plea agreement. The appellate waiver is "unambiguous" and "plainly embodied in the plea agreement." *See United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). Defendant presents no claim that falls outside the scope of the waiver. Because "the waiver is valid and the issue[s] sought to be appealed fall[] within the scope of the waiver," the appeal should be dismissed. *Cohen*, 459 F.3d at 494. Additionally, the briefing schedule should be suspended until the request to dismiss is resolved.

Defense counsel opposes dismissal but does not oppose suspension of the briefing schedule.

2

The United States respectfully requests that the Court dismiss Defendant's appeal and suspend briefing until this motion to dismiss is resolved.

Respectfully submitted this 5th day of March, 2025.

                                       DANIEL P. BUBAR
                                       *Acting United States Attorney*

                                       */s/ Lucy Partain Brown*
                                       LUCY PARTAIN BROWN
                                       *Assistant United States Attorney*
                                       150 Fayetteville Street, Suite 2100
                                       Raleigh, North Carolina 27601
                                       Telephone: (919) 856-4530

CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this document meets the type-volume limits of Rules 27(d), 35(b)(2), and/or 40(b) because, exclusive of the portions of the document exempted by Rule 32(f), this document contains <u>453</u> words.

    (Filings are not to exceed 5,200 words for a motion or response and 2,600 words for a reply, pursuant to Rule 27(d), or 3,900 words for a petition for panel rehearing or rehearing en banc, pursuant to Rules 35(b)(2) and/or 40(b)).

2. Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using fourteen-point Calisto MT typeface.

<u>/s/ Lucy Partain Brown</u>
LUCY PARTAIN BROWN
*Assistant United States Attorney*